Cory J. King, Bar No. 177938
cking@fordharrison.com
FORD & HARRISON LLP
500 La Terraza Boulevard
Suite 150
Escondido, CA 92025
(858) 214-3952

Jenny Choi, Bar No. 285839
jchoi@fordharrison.com
Mohammad B Shihabi, Bar No. 337819
mshihabi@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue
Suite 2300
Los Angeles, CA 90071
Telephone:  213-237-2400
Facsimile:   213-237-2401

Attorneys for Defendant
WALMART INC.

Joseph M. Lovretovich, Bar No. 73403
jml@jmllaw.com
Jared Beilke, Bar No. 195689
jared@mllaw.com
Ruth Gewing, Bar No. 255876
ruth@jmllaw.com
JML LAW
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, California 91367

Attorneys for Plaintiff Meliza Cruz

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELIZA CRUZ,<br><br>                    Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation; DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  2:21-cv-00613-WBS-CKD<br><br>**STIPULATION REGARDING ESI AGREEMENT AND PRODUCTION PROTOCOL; [PROPOSED] ORDER**<br><br>Action Filed: 2/23/2021<br>Date of Removal: 4/2/2021<br>Trial Date: None Set |

The Parties agree to the following protocol for the production of discoverable documents originating from hard copy sources and as electronically stored information ("ESI") pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ.) *and subject to the parties' Confidentiality Order.*

**General Provisions**

1. As used herein, "Requesting Party" means the party requesting production of documents. As used herein, "Producing Party" means the party that may be producing documents in response to the request of requesting party. As used herein, the words "Party" or "Parties" include the Requesting Party and the Producing Party.

2. This Protocol applies to the ESI provisions of Fed. R. Civ. 16, 26, 33, 34, and 37. This Protocol also applies to Fed. R. Civ. P. 45, if agreed to by the recipient of any document request issued pursuant to that rule, in all instances in which the provisions of Fed R. Civ. P. 45 are the same as, or substantially similar to, the provisions of Fed. R. Civ. P. 16, 26, 33, 34, and 37. Nothing contained herein modifies Fed. R. Civ.45 and, specifically, the provision of Fed. R. Civ. 45(d)(2)(B) regarding the effect of a written objection to inspection or copying of any or all of the designated materials or premises.

3. Nothing in this Protocol shall be deemed to prevent any Parties from agreeing to terms different than or inconsistent with the terms of this Protocol.

4. Nothing in this protocol shall be deemed to constitute a waiver of any objections a Producing Party may have with respect to any document request.

5. This ESI Protocol is consistent with Fed. R. Civ. 26(b)(1) and limits the scope of discovery to any non-privileged data that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Nothing in this protocol shall obligate a Party to preserve ESI outside the scope of permissible discovery under Fed. R. Civ. 26(b)(1).

**Documents from hard copy sources**

6.      The parties will produce documents originating from hard copy sources ("Hard Copy Documents") in Group IV single-page TIFF format (black and white, 300 dpi) with corresponding searchable OCR text, along with the below-listed fielded data when available. The parties will provide a standardized load file compatible with Concordance and with a Bates number field included in the load file to match text and fielded data with TIFF images. With respect to Hard Copy Documents, data on the load file will include:

a. Beginning Document Bates Number
b. Ending Document Bates Number
c. Beginning Family Bates Number (begins with 1st page of parent)
d. Ending Family Bates Number
e. Custodian or Source
f. Confidentiality Designation
g. Page Count
h. Redaction (Y/N)
i. Text File Path, including filename and extension (.txt)

**Electronically Stored Information**

Discovery of ESI shall proceed as follows:

7.      The Producing Party shall conduct a reasonable and good faith search for documents and ESI that are subject to production under the Federal Rules of Civil Procedure. To filter ESI for relevancy prior to review and production, a Producing Party may do one or more of the following, so long as the process used meets the standard of care promulgated in Fed. R. Civ. 26(g): (i) use keyword search terms that it in good faith believes will capture responsive ESI and review search term hits for responsiveness, (ii) limit the collection and review of ESI to the custodians the Producing Party reasonably believes have unique documents responsive to the document requests; (iii) limit the collection and review of ESI to a reasonable date range based on the claims asserted, (iv) use technology assisted review techniques. The Requesting Party may suggest keyword search terms for consideration by the

Producing Party. The Producing Party will include any such search terms that do not create an undue burden, and shall inform the Requesting Party of objectionable search terms and propose alternative terms that reasonably limit the documents for review to a number proportional to the needs of the case.

       8.     Except as otherwise stated herein, the parties will produce documents originating as ESI, or kept as such in the ordinary course, in TIFF format with extracted text, along with the below-listed metadata fields when available. The parties will provide a standardized load file compatible with Concordance and with a Bates number field included on the load file to match text and metadata with TIFF images. With respect to ESI, data on the load file will include:

    a.    Beginning Document Bates Number
    b.    Ending Document Bates Number
    c.    Beginning Family Bates Number (begins with 1st page of parent)
    d.    Ending Family Bates Number
    e.    Custodian or Source
    f.    Duplicate Custodians
    g.    Confidentiality Designation
    h.    Page Count
    i.    Redaction (Y/N)
    j.    Document Date (if available)
    k.    File Name (including extension)
    l.    File Extension
    m.    Document Type
    n.    From
    o.    To
    p.    CC
    q.    BCC
    r.    Subject
    s.    Email Date Received
    t.    Email Time Received
    u.    Email Date Sent
    v.    Email Time Sent
    w.    Timezone (UTC) {consider local time zone option for "time" fields}
    x.    MD5 Hash Values (or alternatively agreed upon Hash Standard)
    y.    Text File Path, including filename and extension (.txt)

WSACTIVELLP:12513219.1    - 4 -

Ford & Harrison LLP
Attorneys At Law
San Diego

z.    Native File Path, including filename and extension

9. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people, within documents that contain relevant information. The parties will produce redacted documents in TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

10. The parties will not produce non-relevant Excel spreadsheets attached to relevant emails. The parties will produce relevant spreadsheets (*e.g.* Microsoft Excel) not requiring redaction in native format. For Excel spreadsheets requiring redaction the parties shall meet and confer regarding Native Excel Redaction verses redaction applied to converted TIFF images. When redaction is burdensome and/or for cost savings – "parties will produce relevant spreadsheets, **including those requiring redaction**, in native format, and limit the volume of spreadsheets needing redaction to reasonable set."  At any time, the parties may consider whether the information contained in Excel spreadsheet is available and should be produced from a structured data source from which the Excel spreadsheets are generated.

11. The parties will produce slide shows (*e.g.* Microsoft PowerPoint presentations) not requiring redaction in native format. Slide shows requiring redaction will be produced as TIFF images.

12. The parties will produce in native format those documents and ESI that do not convert well to TIFF images (in addition to Excel and Power Point, *e.g.* oversized drawings, picture files, audio and video files), or will ask the receiving

party to meet and confer regarding a reasonable alternative form of production. The parties will produce picture files in native format, color PDF, or JPEG format when color images are available.

13. The file name for the documents produced in native format will consist of a Bates number and a confidentiality designation if available. The parties will provide a corresponding placeholder TIFF image for native files included in a production.

14. The parties may withhold documents from production by designating the documents privileged pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity in accordance with the federal discovery rules *and the parties' Confidentiality Order*. Within 45 days of the conclusion of all document productions, the Producing Party will produce a privilege log in PDF format or Microsoft Excel indicating the categories of documents withheld from production and the basis for the claim of privilege. Inadvertent failure to log privileged documents or metadata will not result in the waiver of privilege, provided that upon discovering the inadvertent omission, the Producing Party sends to the Requesting Party an addendum to the appropriate privilege log explaining the reason for the omission and providing the required privilege log entries for the document(s).

15. The parties will perform de-duplication of ESI within and across custodians according to MD5 or SHA-1 hash values and will produce only a single copy of identical ESI. Entire document families may constitute duplicate ESI. De-duplication shall not break up document families. All custodians of a de-duplicated document must be identified in the "Duplicate Custodians" metadata field specified in Paragraph 8. If the parties de-duplicate ESI, they shall provide custodian associations in a semi-colon delimited field that includes duplicate custodian name information for the duplicate custodians. An overlay data file shall be produced after every rolling production to account for updated duplicate custodian information in

the Custodian field.

16. Except as otherwise allowed herein, the parties shall preserve parent-child relationships (the association between an attachment and its parent document) where possible. The parties will provide a Beginning Family Bates Number and Ending Family Bates Number for each produced attachment in the data load file.

17. The parties shall assign a Bates number to individual pages of TIFF documents and a Bates number to each document produced in native format. Bates numbers shall be unique across the entire document production and sequential within a given document. The parties will use the following Bates numbering convention:

    a. Walmart-Cruz [000000].

18. The parties understand that this protocol contemplates rolling productions of documents, and they acknowledge that nothing in this Order waives, restricts or eliminates the parties' respective rolling production obligations, the parties' respective supplementation obligations prescribed in the Federal Rules of Civil Procedure or the parties' "claw-back" rights and obligations pursuant to the *Confidentiality Order* in this case.

19. If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to try to agree on a reasonable, alternative form of production. Nothing in this protocol prohibits a party from seeking relief from this protocol pursuant to the applicable discovery rule(s).

20. When documents produced in accordance with this protocol are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents as described herein (Paragraphs 6, 8, 10-12) shall be the copy used unless the image copy is so illegible or unwieldy to make it infeasible to use as a deposition exhibit, in which case the native version may be used. If the native version is used as an exhibit, the record of the deposition must identify the exhibit using its BATES number, and the BATES number shall also be written on any paper or electronic copy

of the exhibit.  The confidentiality designation of the document shall also be stated on the record of the deposition and shall be written on any paper or electronic copy of the exhibit. Extracted text files shall not be used in any proceeding as a substitute for the image of any document.  This paragraph does not apply to any summary exhibits or demonstratives.

21. Each party will bear the costs to process and review its own documents according to this protocol. Notwithstanding this paragraph, nothing in this Document Production Protocol limits or prohibits a prevailing party from seeking recovery of all allowable fees and costs, including attorney fees and costs, as may be permitted under applicable law and as provided by Federal Rules of Civil Procedure.

22. Nothing in this protocol shall be construed to affect, modify or amend the parties' *Confidentiality Order* filed with the Court.

23. Nothing in this protocol shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time in accordance with the applicable discovery rules.

**Production of Databases and Other Structured Data.**

24. Generally, relevant ESI stored in databases should be produced in a mutually agreeable data exchange format.

25. The Parties will meet and confer to address the production and production format of any responsive data contained in a database or other structured data source. If ESI in commercial or proprietary database format can be produced in an already existing and reasonably available report form, the Parties will produce the information in such a report form, in the reasonably usable TIFF-image format. If an existing report form is not reasonably available, the Parties will meet and confer to attempt to identify a mutually agreeable report form.

26. Nothing herein shall obligate a Producing Party to custom reporting. The Parties shall meet and confer to discuss the associated cost and proportionality

1   of any custom reporting.

**Other Data Sources**

27.  The Parties share a desire to ensure that ESI is produced in an acceptable, searchable format. The Parties recognize that certain, limited ESI may not be amenable to the proposed technical specifications. The Parties will meet and confer in good faith to reach agreement regarding these issues and the appropriate form of production, and will seek Court intervention if necessary.

**Deficiency Procedure**

28.  If the Requesting Party has good cause to believe that a Producing Party's discovery efforts have been deficient, the Parties will meet and confer with the goal of identifying a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts.

29.  As used in this section, "good cause" requires more than mere speculation; the Requesting Party must offer some concrete evidence of a deficiency in the Producing Party's discovery process.

30.  Upon a showing of good cause, the Parties will meet and confer to consider appropriate means to assess the reasonableness of a Producing Party's discovery efforts, or to identify additional production criteria to cure the deficiency.

31.  If the Parties are unable to agree upon a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts, the Parties will submit the dispute to the Court in the form of a joint discovery letter.

**Clawback Provision**

32.  The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

33.  This ESI Protocol shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be

enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

34. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

35. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

36. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

**Final Disposition of ESI**

37. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Requesting Party shall provide

1 written certification of destruction to the Producing Party no later than 30 days after
2 the termination of this matter.

3 Dated: August 25, 2020

| */s/ Ruth S. Gewing* | */s/Cory J. King* |
|---|---|
| Jared Beilke, Esq. | Cory J. King |
| Ruth Gewing, Esq. | Jenny Choi |
| JML Law, APLC | Mohammad B. Shihabi |
| Attorneys for Plaintiff | Ford & Harrison LLP |
| | Attorneys for Defendants |

**[PROPOSED] ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Orders the parties to conform to the terms and conditions set forth herein.

**IT IS SO ORDERED.**

Dated: September 2, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.cruz0613.stipESI